INHABITANTS OF BOOTHBAY

*vs.*

E. I. DUPONT DENEMOURS POWDER COMPANY.

Lincoln.   Opinion June 19, 1912.

*Taxation.   Personalty.   Where Taxable.   Property Employed in Mechanic Arts.*

Logs and lumber used at a mill for manufacture of boxes for the manufacturer's use in shipping explosives are taxable as personalty "employed in the Mechanic Arts," within Revised Statutes, Ch. 9, sec. 13, par. 1, in the town where the mill is located.

On report.   Judgment for defendant.

Action of debt to recover a personal property tax assessed against the defendant corporation for the year 1910.   An agreed statement of facts was filed and the case reported to the Law Court for determination.

The case is stated in the opinion.

*Tupper & Perkins,* for plaintiffs.

*William M. Bradley,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, KING, BIRD, HALEY, HANSON, JJ.

HALEY, J.   This is an action of debt brought by the inhabitants of the town of Boothbay against the defendant for taxes assessed by the town of Boothbay on the personal property of the defendant, consisting of 550,000 feet of logs and 350,000 feet of sawed lumber, situated on the first day of April, 1910, in the town of Boothbay.

It is agreed that all preliminary steps necessary to authorize the action had been taken, and that the taxes were legally assessed and

committed to the collector, provided said personal property was legally taxable to the defendant in the town of Boothbay.

The defendant, a New Jersey corporation having its principal place of business at Wilmington, in the State of Delaware, on the first day of April, 1910, had a mill in the town of Standish, in the county of Cumberland, for the purpose of manufacturing boxes for the shipment of its explosives. For the purpose of supplying pine lumber to said mill, suitable both as to quality and dimensions to be there manufactured into boxes, it had bought stumpage in the town of Boothbay, and had caused to be erected a portable saw mill in said town on land leased by it for erecting and maintaining said portable saw mill for piling and sticking boards, plank and other lumber. The lease gave the defendant the right to use the shore of the lot leased for the purpose of shipping boards, plank and other lumber. There was a small amount of hemlock sawed with the pine, and, as the defendant did not use the hemlock in the manufacturing of its boxes, the hemlock was sold for the accommodation of the people of Boothbay, and the pine lumber was shipped to Standish, and there manufactured into boxes by the defendant.

It is admitted that the hemlock was a very small part of the lumber sawed, and no claim was made at the argument that, by selling such small quantity of hemlock, the defendant was engaged in the lumber trade, or that the lumber in plaintiffs' town on April 1, 1910, was employed in trade. The logs and lumber in the plaintiffs' town in 1910 was also taxed to the defendant in the town of Standish in the year 1910. The question before the court is: Were the logs and lumber taxable in the year 1910 in the town of Boothbay?

It is provided by section 12, chapter 9, R. S., that all property within or without the State, except in cases enumerated in the following section, shall be assessed to the owner in the town where he is an inhabitant on the first day of April. The owner (defendant) of the logs and lumber in question not being an inhabitant of the State, the property could not be taxed in the plaintiffs' town, unless section 13 so provides.

It was the intention of the Legislature to provide by the enumerated cases in section 13 for the taxation of personal property not

taxable under section 12. To determine under which paragraph of the enumerated cases in section 13 property shall be taxed, it should be ascertained if the property, its condition, and situation are such as are described in paragraph I of said section. If not, are they such as are described in paragraph II, and so on until the property is described in one of the paragraphs of section 13? When it is included within one of the paragraphs of section 13, it is taxable as therein stated, and all similar property similarly situated must be taxed under that paragraph, and cannot be taxed under any other. It being the intention of the Legislature by each paragraph to provide for the taxation of the property therein mentioned, it follows that, when the property is included within the cases mentioned in one of the paragraphs, it shall be taxed under that section and cannot be taxed under any other.

Paragraph I of section 13 is as follows:

"All personal property employed in trade, in the erection of buildings or vessels, or in the mechanic arts, shall be taxed in the town where so employed on the first day of each April, provided that the owner, his servant, sub-contractor or agent, so employing it occupies any store, storehouse, shop, mill, wharf, landing place or shipyard thereon for the purpose of such employment."

It is agreed that the lumber in question was intended for and was used by the defendant at its mill in Standish, and manufactured into boxes used by it to ship its explosives in. The manufacture of lumber into boxes is unquestionably a mechanic art, and is within the meaning of the term as used in paragraph I. If employed in the mechanic arts within the State, where was it so employed? There can be no question but what it was so employed where it was to be manufactured into boxes, namely, at the mill of the defendant at Standish.

*Farmingdale* v. *Berlin Mills Co.,* 93 Maine, 333.

*Inh. of Bradley* v. *Penobscot Chemical Co.,* 104 Maine, 276.

*Georgetown* v. *Hanscom,* 108 Maine, 131.

Property employed in the mechanic arts, as this lumber was employed, is not taxable in the town where found on April first, if it is so employed in some other town in the State. To render it liable to taxation in plaintiffs' town, (it being employed in the mechanic arts), it must appear that the defendant, its servants, sub-

contractors, or agents so employing the property, occupied for the purpose of the employment of the lumber in the mechanic arts; a store, shop, mill, wharf, landing place or ship-yard in plaintiffs' town.

*McCann* v. *Minot,* 107 Maine, 393.

The logs and lumber in question were taxable under paragraph I of section 13, chapter 9, and not under paragraph II, and therefore not taxable in plaintiff town, but in the town where employed in the mechanic arts on April 1, 1910, and the entry must be,

*Judgment for defendant.*